UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

    *Plaintiff,*

                                CASE NO.  16-30014

*v*.

RAYMOND WILLIAMS          MAG. JUDGE ANTHONY P. PATTI

    *Defendant.*
_____/

## ORDER OF DETENTION PENDING TRIAL

    After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that Defendant be detained pending trial.

**Part I – Findings of Fact**

**A.**    **Eligibility. This case is eligible for a Detention Hearing (18 U.S.C. § 3142(f)), for the reasons checked below in this Part I A:**

☒(1)  Under 18 U.S.C. § 3142(f)(1), upon the government's motion in a case that involves

    ☒(a)  a crime of violence, a violation of section 1591, or an offense listed in 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

    ☐(b)  an offense for which the maximum sentence is life imprisonment or death;

        **or**

    ☐(c)  an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-

904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46; **or**

☐(d)  any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐(e)  any felony that is not otherwise a crime of violence but involves:

   ☐(i)   a minor victim, **or**

   ☐(ii)  the possession or use of a firearm or destructive device (as defined in section 921), **or**

   ☐(iii) any other dangerous weapon, **or**

   ☐(iv) involves a failure to register under 18 U.S.C. § 2250.

☐(2)  Under 18 U.S.C. 3142(f)(2), upon the government's motion or the court's own motion in a case that involves

   ☐(a)  a serious risk that such person will flee; **or**

   ☐(b)  a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

B.  **Rebuttable Presumption. A rebuttable presumption for detention exists in this case if reasons are checked below in this Part I B.**

**(1)  Defendant on Release Pending Trial (18 U.S.C. § 3142 (e)(2)):** A rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community arises when

   ☐(a)  Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense; **and**

☐(b)  The offense was committed while Defendant was on release pending trial for a federal, state, or local offense; **and**

☐(c)  A period of less than five years has elapsed since

☐(i)  the date of conviction, **or**

☐(ii)  Defendant's release from prison.

**(2)  Probable Cause Findings (18 U.S.C. § 3142(e)(3)):** A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community arises when there is probable cause to believe that Defendant has committed an offense

☐(a)  for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46; **or**

☐(b)  under 18 U.S.C. § 924(c) (use of a deadly or dangerous weapon or device in relation to a crime of violence or drug trafficking crime), 18 U.S.C. § 956(a) (conspiracy to kill, kidnap, maim, or injure persons or damage property in a foreign country), or 18 U.S.C. § 2332b (acts of terrorism transcending national boundaries); **or**

☐(c)  listed in 18 U.S.C. § 2332b(g)(5)(B) (federal crimes of terrorism) for which the prison term is 10 or more years; **or**

☐(d)  under Chapter 77 of Title 18, United States Code, for which a maximum term of imprisonment of 20 years or more is prescribed (i.e., 18 U.S.C. §§ 1581, 1583, 1584, 1589, and 1594)(slavery); **or**

☒(e)  involving a minor victim as listed in 18 U.S.C. § 3142(e)(3)(E).

### Part II – Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes

☒     by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

☐     by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

☐     both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

For all of the reasons stated on the record, which are hereby incorporated by this reference, including but not limited to the existence of strong evidence of the following: 1) that the defendant casually encountered a 16-year-old girl (minor victim/MV) and within a very short time was soliciting pornographic images of and from her with the apparent intent to create child pornography; 2) that the defendant sent images and videos containing child pornography to the MV by text, including images of a girl who appears to be approximately 11 to 12 years old being sodomized and engaging in other sexual activity; 3) that in his texts to the MV, the defendant claimed to be the perpetrator in the sexually assaultive conduct depicted in the aforementioned texts, images and videos, represented that he had intercourse and oral sex with his 11-year-old sister who is depicted in the video and asked the MV not to tell anyone; 3) that images of the perpetrator in the video depicting sexual activity with a minor show body markings which correspond with the defendant's tattoos; 4) that the defendant has multiple felony convictions, including, *inter alia*, convictions for felony firearm, felony assault with great bodily harm, felony stolen property, felony identity theft and has served approximately

11 years in prison; 5) that a hidden weapon and ammunition (not hidden) were found in a room which the defendant admitted to be his own bedroom, along with the cell phone which apparently corresponds with the phone number from which the above-mentioned texts were sent; 6) that evidence of identity theft and/or credit card fraud was also found in the defendant's home, including blank credit cards.  The court finds probable cause to believe that the defendant has committed the crimes charged in the complaint. Defendant has not rebutted the statutory presumption in favor of detention in this case, but even if he had, the Court finds by clear and convincing evidence that no condition or combination of conditions can reasonably assure the safety of the community.

**Part III – Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

Date: January 17, 2016                     /S ANTHONY P. PATTI
                                           Anthony P. Patti
                                           United States Magistrate Judge